FILED
United States Court of Appeals
Tenth Circuit

December 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GARY WAYNE ADAMS, a/k/a Gary
W. Adams, Gary Wayne Redden, and
Gary W. Redden,

     Defendant - Appellant.

No. 14-5087
(D.C. Nos. 4:13-CV-00349-CVE-PJC
and 4:11-CR-00017-CVE-1)
(N.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Petitioner Gary Wayne Adams, a federal prisoner, seeks a certificate of

appealability (COA) to challenge the district court's denial of his motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Mr.

Adams has not made "a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the

appeal.

Mr. Adams pled guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 180

months' imprisonment. Judgment was entered on June 18, 2012. Mr. Adams

filed a pro se notice of appeal on October 5, 2012. The appeal was dismissed as untimely. United States v. Adams, No. 12-5165 (10th Cir. Nov. 1, 2012) (unpublished).

On June 10, 2013, Mr. Adams filed the instant motion seeking post-conviction relief pursuant to 28 U.S.C. § 2255. In support of this petition, Mr. Adams advances two claims of constitutionally ineffective assistance of counsel. He contends that counsel was ineffective in (1) not challenging the use of a 1993 second-degree burglary conviction in Colorado as a predicate offense used to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and (2) not filing a notice of appeal. The district court rejected the first ground because, under the modified categorical approach, it was clear that Mr. Adams broke into a building (as opposed to a ship or vehicle) and therefore the offense constituted generic burglary that qualified as a "violent felony" predicate offense. United States v. Adams, No. 11-CR-0017-CVE, 2014 WL 1119780, at *4 (N.D. Okla. Mar. 20, 2014). The district court also noted that Mr. Adams had three other prior convictions that would qualify as predicate offenses. Id. at *4 n.3. Accordingly, he could not demonstrate prejudice even were he able to demonstrate deficient performance. See Strickland v. Washington, 466 U.S. 668, 687–688 (1984).

As to the second claim, the district court held an evidentiary hearing. Thereafter, it found that Mr. Adams did not specifically instruct counsel to file an

appeal, although counsel did consult with Mr. Adams about an appeal after his sentencing. United States v. Adams, No. 11-CR-0017-CVE, 2014 WL 3449915, at *6 (N.D. Okla. July 11, 2014). The court further found that although Mr. Adams "figured it was taken care of," counsel would not have been on notice—considering the content of the conversations between Mr. Adams and his attorney—of any desire to appeal. Id. Thus, counsel did not act unreasonably in failing to file a notice of appeal. Id.

A COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Mr. Adams now "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For several reasons, Mr. Adams has not made this showing. Mr. Adams has not demonstrated that use of the modified categorical approach was improper, let alone demonstrate any prejudice given his three other convictions that could serve as predicate offenses under § 924(e)(1). Similarly, he has not made any argument, in the district court or in this court, that the sentencing judge considered improper documentation when it found that the 1993 conviction constituted a predicate offense.

Insofar as the failure to file an appeal, Mr. Adams cannot demonstrate that the district court's factual findings are clearly erroneous. Therefore, the factual

predicate of this ineffective assistance claim is missing.  Surely there are two permissible views of the evidence on whether Mr. Adams requested counsel to file an appeal (or counsel should have known to do so), and thus the district court's factual findings cannot be clearly erroneous.  See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).  While we do not doubt that the possibility of an appeal had previously been discussed between defense counsel and Mr. Adams, we cannot say that defense counsel should have reasonably inferred from Mr. Adams' statements, considered in their totality, Mr. Adams' desire to appeal from his sentence.  Accordingly, we conclude that reasonable jurists would not find that the district court's resolution of this claim was "debatable or wrong."  Slack, 529 U.S. at 484.

Accordingly, we DENY a COA, deny IFP status and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge